John Hill Hawthorne v. the Secretary of the Department of Corrections. William Ponal is here for the appellate, Hawthorne, and Robin Compton is here for the Secretary, and Mr. Ponal, you may begin. Thank you, Your Honor. Pleased to be court. My name is William Ponal. I represent the Court of the Landmark Grand Decision. The U.S. Supreme Court provided a clear directive to law enforcement regarding the warnings that must be provided prior to then subjecting an individual to custodial interrogation. One of those required warnings was that a suspect must be advised that he has the right to the presence of an attorney during interrogation. And the Court said this was an indispensable right and that to meet the requirements of the decision as an absolute prerequisite to interrogation and an individual subject to custodial interrogation must be clearly informed that he has the right to consult with a lawyer and to have a lawyer with him during the interrogation. So we have consult and have presence. The plain language of the decision that's been reaffirmed many times by the U.S. Supreme Court says that you have to advise the person that they have a reason to convey to them that they have the right to consult the lawyer and do have the lawyer present with them during the interrogation so they know they have the right to counteract the inherent coercive atmosphere that is present in the interrogation room. Why wasn't it a reasonable interpretation of Powell that the Miranda warning given didn't suggest that the right to counsel terminated at any point? So it was necessarily a continued right? So Your Honor, in Powell, the language of the warnings had two parts. It had, quote, you have the right to talk to a lawyer before answering. And then it says at the end in the catch-all provision, quote, you have the right to use any of these rights at any time you want. And then it uses the word during this interview. So it's our position that when they reference during this interview, it has then been reasonably conveyed to the defendant in that case that he can exercise his right to a lawyer during the interview. Right. So what I'm asking is why is it not another way, another reasonable way to read Powell, and this is how it appears the State Court read it, that the right to counsel warning is sufficiently conveyed as long as officers advise the suspect of his right to speak to a lawyer before questioning and then says nothing else that indicates any temporal restriction on when the suspect may exercise that right to the presence of counsel? So the reason I think the State Court got it wrong is they relied on rate-to-link, which in that case, the court said, the Florida Supreme Court said that the first part of the court is in Powell was sufficient on their own and that the catch-all provision was not necessary. I think the Supreme Court, the Florida Supreme Court was wrong in that respect. If you read the actual Powell decision, the majority opinion, the 7-2 majority opinion repeatedly says that in combination, both the before language and the catch-all provision were necessary to his decision. But in Powell, the Court also said in context, the term before merely conveyed when the defendant Powell's right to an attorney became effective, namely, before he answered any questions at all. Nothing in the words he used indicated that counsel's presence would be restricted after the questioning commenced. And I agree with that, but I guess the missing flaw here is, is that we have, you have the right to talk to a lawyer before, you have a right to talk to a lawyer before doing that. It doesn't say anything about having the right to the presence of a lawyer before that. Certainly you could talk to a lawyer on the phone, you could talk by video, Zoom now. Right, but even in the Powell decision, they talk about the fact that the court has never The inquiry is simply whether the warnings reasonably convey to a suspect that his rights as required by Miranda. And I guess the issue I'm having with your argument is that there isn't a temporal limitation. And so why isn't it reasonable for someone to assume that they have the right to talk to an attorney during the questioning? So I want to make sure my argument's clear, maybe my briefing isn't clear. The, the, certainly the temporal limitation about talking to a lawyer before the questioning is met and that meets, meets with the requirements of Powell. I think what we're missing here is there's no indication and no reasonable conveyance that, that Mr. Hawthorne, an individual who's never been arrested, had no prior record, has the right to the presence of a lawyer during the questioning. So talking to a lawyer is a consultation with Miranda says, and then you also have, and the right to presence of an attorney. That is not addressed in any fashion in the warnings provided to Hawthorne. It is arguably present in Powell and the Powell court said, even though those particular warnings were not the clearest possible formulation of Miranda, but they, but what I think saves the Powell warnings is the language, you have the right to use any of these rights at any time you want, quote, during this interview. So when you start talking about during this interview, now you know that during the interview, you have the right to counsel. That there's no similar language in the warnings provided to Mr. Hawthorne. So the indispensable right, and this was found at, in the Miranda decision itself, and they say, unequivocally, the right to have counsel present at the interrogation is indispensable to the protection of the fifth amendment privilege. Even Powell, I'm sorry, in Patterson in 1988 says, quote, the constitutional minimum for determining whether a waiver was knowing and intelligent is that accused must be made sufficiently aware of his right to have counsel present. Present is our argument. There's no indication in the warnings that reasonably conveyed to Mr. Hawthorne that he had a right to counsel, to be present during the interrogation, and Miranda spends pages and pages. I can't, this is the discussion in Powell. It says, in context, however, the term before merely conveyed when Powell's right to an attorney became effective, namely before he answered any questions at all. Nothing in the words used indicated that counsel's presence would be restricted after the questioning commenced. And here, you can't say that there was anything told to your client that if he turned down a lawyer, you would not have a right to a lawyer once questioning commenced. You're right, Your Honor, but I think Powell is analyzing the warnings before it, and the warning before it had the language in the catch-all provision during this interview. I understand that, but we're hearing a habeas, correct? Am I wrong? No, you're not. Okay. So I guess, so we're hearing a habeas, and the Court is correct that we have to find it's an unreasonable termination of the U.S. Supreme Court precedent. We're hearing on a habeas, but I thought the issue that we granted a certificate of appealability on is whether or not his counsel was ineffective for failing to move to suppress the statements based on the Miranda warnings, whether that was in state court's resolution of the ineffective assistance of counsel claim was an unreasonable application of Strickland, and that the issue that we issued a certificate of appealability on, so we're . . . It is, Your Honor. Well, why don't you tell us why counsel was ineffective? Well, because, Your Honor, because Miranda's been around for over 60 years, and the claim language of the Miranda decision says that the, as a prerequisite to interrogation, you have to advise about the right to consult with, and the right to be present. So they got a cap on that right here. They got a cap on that right here. They told him he could talk to you if he was able to consult. They never told him he had the right to have a lawyer present during the interrogation. So counsel should have filed a motion to suppress based on deficient Miranda warnings, okay? And there are two prongs to Strickland. So let's say counsel was deficient. What do you have to say about prejudice? I would say it's prejudice, because based on the case law, including Miranda, Powell, and the binding decisions of the Fifth Circuit, there's more than a reasonable probability that he would have prevailed on the motion to suppress. And the state introduced his interrogation at trial, where he made several statements indicating that he was . . . did not believe . . . he was not totally in fear of the alleged victim and did not believe the victim was going to kill him. So that undermined his claim of self-defense. So he didn't testify at the trial? He did. He did? He did because . . . But I don't think that's as positive because . . . Well, he would still have to . . . if they moved to suppress and the motion was granted, he'd still have to take the stand and invoke a self-defense. Not necessarily, Your Honor. I mean, certainly you can . . . you had the testimony of the other person that was with him. The Florida case was clear that you can establish self-defense on cross-examination and through use of the state's evidence or other witnesses. So I believe they had an expert that talked about the nature of the wounds of the victim that supported the self-defense claim. So I think the fact that he testified, you can't assume he would have testified. We don't know what happened had the court granted the motion to suppress that was not violated. So, again, the Powell decision in 2010 confirmed that you have both the right to consult with and the right to have an attorney present. We're missing the present part. If you only get half of it right, I'd suggest that's an unreasonable application of Miranda. Again, Miranda says the right to have counsel present at the application is indispensable to the protection of the Fifth Amendment privilege. I don't know how more direct it can be. I don't know how more clearly established it can be. It's been around for 60 years. So here the district court, as Your Honor indicates, was charged with determining whether the state court's conclusion that the Miranda warnings were not sufficient is an unreasonable application of Miranda and Powell. And it's important to realize the district court didn't say that the warnings were perfect. In fact, they said that they were less clear than Powell. They are less clear than Powell and even less clear than the warnings in the Williams case. Again, I don't mean to oversimplify it, but Miranda itself and reaffirmed in Powell says you have to, as an absolute prerequisite, tell the defendant that he has the right to consult and to have the attorney present. If you only get half of that, I suggest you do it. We have the argument, Mr. Pono. Thank you. Ms. Compton. Thank you for your support, Ron Compton, assistant attorney general representing the Secretary of Florida Department of Corrections. Judge Wilson, as you pointed out, this is an ineffective assistance of counsel claim where you have to prove not only under Strickland the deficient performance but the prejudice as well. And it's our position that even if there was the motion to suppress should have been granted, there is no prejudice because he testified at trial. It's his burden to demonstrate that the outcome of the trial would have been different. And in his federal habeas claim, he only claims that there was a reasonable probability that the admission of the statement would have affected the jury's verdict, and that's just speculation, especially in his testimony at trial. At trial, there was no prejudice. His statement lined up almost exactly with his trial testimony except for a couple of minor differences, so it's our position that that would be cumulative evidence anyway. And also, his defense was self-defense. He wouldn't have testified. If he wouldn't have testified and the statement wasn't admitted, what defense was he going to assert? He doesn't allege that he would have presented any other defense, certainly not in any of his post-conviction motions or the federal habeas. He doesn't say anything about presenting a different defense other than self-defense. And I disagree that Mr. Bunnell had said that the nature of the wound suggested that it wasn't self-defense, and I think that's an argument that evidence at trial was that he presented in a situation where he said when the friend of the defendant pushed the guy off of him that he fell into the knife. That's not really self-defense if you fall into the knife. Would it be prejudice if the fact that no motion to suppress was filed, so his statement comes in, and if that statement coming in pushes him to testify at trial, is that prejudice? Well, if the statement would have come in? I mean, if he filed a motion to suppress and the statement had been suppressed, couldn't he argue that I wouldn't have testified? So I had to, the fact that I... That just goes to, that could be strategy. I mean, he could have chose to admit that in order to present a self-defense, and actually there was a Stand Your Ground hearing, and he chose to admit that at the Stand Your Ground hearing. The Stand Your Ground hearing occurred before trial. Yes, yes. But it could also, the statement also could come in anyway for impeachment, which also would go to the fact that... So if he chose not to testify at the trial, then what evidence would the State have that he committed the crime? In other words, he chose not to testify, and so he does not invoke a self-defense defense. The State has to prove the evidence beyond a reasonable doubt. They don't have enough evidence to establish that I did this beyond a reasonable doubt. Then what would the State's evidence have been sufficient to convict him beyond a reasonable doubt? Well, we have the main witness was Cameron Milner, and he testified to exactly everything that occurred, and a lot of that lined up with what the defendant testified to as well, except for the fact that the victim was walking away, and Mr. Hawthorne went after the victim. So that was the State's evidence was that Cameron Milner testified to everything that the State needed. And Milner was cross-examined? Yes. Oh, yes. So anyway, back to the initial application of Miranda. He can only get relief here on federal habeas if it's contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, and it's our position that this was not an unreasonable application of clearly established federal law. And the clearly established federal law that it's not an unreasonable application of is not Miranda v. Arizona or Powell v. Florida, but Strickland v. Washington. Is my understanding correct? That's right. So if there are no other questions, we would ask you to affirm the district court. All right. Thank you, Ms. Compton. Mr. Parnell, you've reserved some time for rebuttal. Thank you, Judge. May it please the Court. I would initially respectfully disagree with the Court that the only clearly established law is Strickland. I think Powell and Miranda would also be within the COA, which says, ineffective for failing to move to suppress his confession based on allegedly deficient Miranda warnings was an unreasonable application of a clearly established federal law. So I think the Powell and Miranda decisions inform the deficiency prong of Strickland. If the law supported suppression, it would be deficient to not move to suppress. So in this particular instance, the law does support suppression, clearly articulated in the language of Miranda, reaffirmed in Powell, and under Strickland, a reasonable attorney would have moved to suppress the statement when it was the state's main evidence against Mr. Hawthorne. Can we jump back to prejudice? In light of what the State has just talked about, there would be no prejudice because Mr. Milner testified to everything that occurred. How do you overcome that argument? The State has overstated the strength of Mr. Milner's testimony. Mr. Milner made multiple statements to the police, and his initial statement corroborated a claim of self-defense. It was only later, where he was subject to additional interrogation, that he changed his story. So he was cross-examined pretty heavily, and his credibility was highly or strongly impeached. So I don't know that his testimony alone would have been sufficient to ensure a conviction in this case. The worst evidence against Mr. Hawthorne was his own words in the interrogation. And as the Court knows, under Strickland, we just have to show a reasonable probability that the outcome would have been different. And Strickland uses the words, it doesn't even have to be a preponderance of the evidence. Less than a preponderance is just, do you have lack of confidence in the outcome? And I suggest if the Court reads Cameron Milner's testimony and the inconsistent statements he made, he's not a credible witness, and the real evidence in this case was the statements of Mr. Hawthorne that should have been discussed had counsel acted reasonably and not performed efficiently. Because of the Stand Your Ground hearing, Mr. Hawthorne is going to have to testify at the Stand Your Ground hearing, correct? And isn't the statement then going to come in as a prior inconsistent statement? At the Stand Your Ground hearing at the time, I believe the defense had the verbal proof that that's no longer the case. But I don't know that whether the Stand Your Ground hearing and the trial are obviously distinct proceedings. So if he doesn't testify at the trial, they can't bring in the out-of-court confession that's been filed. And Your Honor is correct. That is part of the prejudice and part of the analysis here is he only chose to testify after the court, after his counsel didn't file the motion to suppress. So I think the right remedy here, because there's never been an evidentiary hearing, the state court denied it without a hearing, the district court denied it without a hearing, I think the right remedy might be here to sort this out and figure out what the strategy was and what was going on because I believe the record would support ultimately the conclusion that it was objectively unreasonable to not move to suppress this. But we don't have a record for that because we don't have testimony from trial counsel as to why he didn't move to suppress it. So I would suggest this court should reverse and remand to the district court for an evidentiary hearing where trial counsel can explain to the district judge why he chose not to suppress this. But more importantly, I think the Williams case from this court noted that the warnings in that case were even less clear than Powell. And so they found it – but they still found it not to be an unreasonable application. Our warnings are even less clear than Powell and Williams because Williams has the word prejudice and it tells you that you have the right to stop at any time. We don't have any indication from Mr. Hawthorne that he has the right to have counsel present. We have no indication that he has the right to stop the interrogation at any time. We have no text-off provision that says he has the right to invoke his rights at any time during the questioning. So again, we're missing half of the equation here about the presence of the lawyer and any reasonable lawyer to suppress Miranda would have – including the Fifth Circuit cases, which clearly indicate that telling – and Windsor says merely telling the defendant that he could speak to an attorney or anyone else before he said anything at all is not the same as informing him that he is entitled to the presence of an attorney. So I'd ask the court to look at the Windsor case from the Fifth Circuit, which is just a straightforward application of Miranda. And for those reasons, I'd ask the court to reverse. All right. Thank you, counsel. And the court will be in recess until 9 o'clock tomorrow morning.